MICHIGAN AUDUBON SOCIETY v NATURAL RESOURCES
COMMISSION

Docket No. 147583. Submitted April 12, 1994, at Lansing. Decided
June 20, 1994, at 9:50 A.M.

The Michigan Audubon Society brought an action in the Ingham
Circuit Court against the Natural Resources Commission and
the Department of Natural Resources, challenging the NRC's
authority to enact Amendment No. 7 of 1991 to the Wildlife
Conservation Act Commission Order, which authorized the
capture of certain raptors within the state under permit from
the director of the DNR for use in falconry. The plaintiff
contended that, because the raptors have not been designated
as game by the Legislature, the NRC has no authority to allow
the taking. The defendants contended that § 8(1)(b) of the
Wildlife Conservation Act, MCL 300.258(1)(b); MSA 13.1258(1)
(b), gives the NRC the power to regulate the taking of animals
that have not been designated as game and that the enactment
of the amendment was within that power. The court, James R.
Giddings, J., granted summary disposition for the plaintiff and
permanently enjoined the defendants from issuing any permits
for the taking of wild raptors under the amendment. The
defendants appealed.

The Court of Appeals *held:*

1. Section 8(1)(b) does not give the defendants the authority
to issue permits allowing the taking of animals not defined as
game in the act.

2. The second sentence of § 7 of the act, MCL 300.257; MSA
13.1257, indicates that the Legislature did not intend to autho-
rize the NRC to allow the taking of nongame animals. That
sentence means that § 7 shall not be construed to enhance the
commission's powers so as to allow the commission to establish
an open season for an animal that is not game or to give the
commission the power to designate a species as game.

3. The authority granted the commission in § 8(1)(b), to
determine "the kinds of animals that may be taken," applies

REFERENCES
Am Jur 2d, Fish and Game §§ 29 *et seq.*
See ALR Index under Fish and Game.

only to animals that have been designated as game by the Legislature and for which an open season has been declared under § 11 of the act, MCL 300.261; MSA 13.1261.

Affirmed.

1. GAME — WILDLIFE CONSERVATION ACT — NONGAME ANIMALS — PERMITS TO TAKE.

Section 8(1)(b) of the Wildlife Conservation Act does not give the Natural Resources Commission or the Department of Natural Resources the authority to issue permits allowing the taking of animals not defined as game in the act; the authority granted to the commission in § 8(1)(b) to determine "the kinds of animals that may be taken" applies only to animals that have been designated as game and for which an open season has been declared under § 11 of the act (MCL 300.258[1][b], 300.261; MSA 13.1258[1][b], 13.1261).

2. GAME — DESIGNATION AS GAME ANIMAL — FIRST OPEN SEASON.

Only the Legislature may designate a species of animal as game; once an animal has been designated as game, only the Legislature may authorize the establishment of the first open season for that animal (MCL 300.261; MSA 13.1261).

3. GAME — WILDLIFE CONSERVATION ACT — DESIGNATION AS GAME ANIMAL — NONGAME ANIMALS — OPEN SEASON.

Section 7 of the Wildlife Conservation Act does not authorize the Natural Resources Commission to establish an open season for an animal that is not game or give the commission the power to designate a species as game (MCL 300.257; MSA 13.1257).

*Twohey Maggini* (by *Patrick M. Muldoon*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Thomas J. Emery,* Assistant in Charge, and *Kevin T. Smith,* Assistant Attorney General, for the defendants.

Before: HOLBROOK, JR., P.J., and REILLY and G. W. HOOD,* JJ.

REILLY, J. Defendants appeal as of right a circuit court order granting summary disposition to plain-

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff pursuant to MCR 2.116(C)(10) and permanently enjoining defendants from issuing any permits for the taking of wild raptors under Amendment No. 7 of 1991 to the Wildlife Conservation Act Commission Order. The trial court determined that § 8(1)(b)[1] of the Wildlife Conservation Act, MCL 300.251 *et seq.*; MSA 13.1251 *et seq.*, did not give defendants the authority to issue permits allowing the taking of animals not defined as game in the act. We affirm.

The Wildlife Conservation Act gives the Natural Resources Commission (NRC) the authority to manage animals in this state. MCL 300.258(1)(b); MSA 13.1258(1)(b). "Animals" are defined as "wild birds and wild mammals." MCL 300.253(1); MSA 13.1253(1). Certain species of animals listed in § 4(1)[2] are included within the definition of "game." Only the Legislature may designate a species as game. MCL 300.261; MSA 13.1261.[3] Once an animal has been designated as game, only the Legislature may authorize the establishment of the first open season for that animal. After that has been accomplished, the NRC has the power to establish open seasons for that animal and to issue orders pertaining to that animal for each of the other purposes listed in § 8. *Id.*

The only issue in this case concerns defendants' authority with regard to animals that have not

[1] MCL 300.258(1)(b); MSA 13.1258(1)(b).

[2] MCL 300.254(1); MSA 13.1254(1).

[3] MCL 300.261; MSA 13.1261 provides:

Only the legislature may designate a species as game. If an animal is designated under this section by the legislature as game, then only the legislature may authorize the establishment of the first open season for that animal. After the legislature authorizes the establishment of the first open season for game pursuant to this section, the commission may issue orders pertaining to that animal for each of the purposes listed in section 8.

been designated as game. Specifically, plaintiff's claim challenges the NRC's authority to enact Amendment No. 7 of 1991 to the Wildlife Conservation Act Commission Order. This amendment authorized the capture of certain raptors (hawks, owls, and eagles) within the state under permit from the director of the DNR for use in falconry.[4] Plaintiff contends that because these animals have not been designated as game by the Legislature, the NRC has no authority to allow the taking.[5]

Defendants contend that § 8(1)(b) of the act gives the NRC the power to regulate the taking of animals that have not been designated as game, and that the enactment of the amendment was within that power. Section 8(1)(b) provides:

> (1) The commission shall manage animals in this state. In managing animals, the commission may issue orders to do all of the following:
>
> *  *  *
>
> (b) Determine the kinds of animals that may be taken.

"Kind" is defined in § 4(4) to mean "an animal's sex, age, or physical characteristics." Defendants argue that if the Legislature intended to restrict the power delegated in § 8(1)(b) to game animals, the subsection would read "kinds of game" rather than "kinds of animals." We disagree.

When determining legislative intent, statutory language should be given a reasonable construction considering the statute's purpose and the

---

[4] Before the amendment, falconers were permitted to hunt with and possess raptors, but were not permitted to capture wild raptors in this state.

[5] "Take" is defined in § 5(1), MCL 300.255(1); MSA 13.1255(1), as meaning:

> [T]o hunt with any weapon, dog, raptor, or other animal; kill; chase; follow; harass; harm; pursue; shoot; rob; trap; capture; or collect animals, or to attempt to engage in such an activity.

object sought to be accomplished. *Michigan Humane Society v Natural Resources Comm,* 158 Mich App 393, 401; 404 NW2d 757 (1987). An act must be read in its entirety and the meaning given to one section determined after due consideration of other sections so as to produce, if possible, an harmonious and consistent enactment as a whole. *Id.*

We believe that the Legislature's intent regarding the NRC's powers over nongame animals is suggested by a close reading of § 7[6] of the act.

> A person shall not take . . . game or any protected animal . . . except as provided for in this act or by an order of the commission or an interim order of the director. This section shall not be construed to enhance the commission's powers to establish an open season for an animal that is not game or to give the commission the power to designate a species as game.

We are satisfied that the second sentence of this section indicates that the Legislature did not intend to authorize the NRC to allow the taking of nongame animals. The sentence reasonably can be read to mean only that § 7 shall not be construed to enhance the commission's powers so as to allow the commission to establish an open season for an animal that is not game or to give the commission the power to designate a species as game.[7]

We agree with plaintiff that the Legislature intended that the delegation of power in § 8(1)(b)

---

[6] MCL 300.257; MSA 13.1257.

[7] Defendants seem to argue that the omission of a reference to nongame, nonprotected animals in the first sentence suggests that these animals can be taken by anyone at any time. However, this interpretation is inconsistent with the second sentence of the section. According to that sentence, the commission does not have the power to establish an open season, defined as "the dates during which game may be legally taken," MCL 300.254(5); MSA 13.1254(5), for nongame animals. If nongame animals could be taken at any time, there would

must be read in conjunction with § 11.[8] Thus, the authority granted in § 8(1)(b), to determine "the kinds of animals that may be taken," applies only to animals that have been designated as game and for which an open season has been declared under § 11. Our interpretation of the act is supported by the Legislature's use of the word "kinds," which has a limited definition, rather than "species" in § 8(1)(b).

Defendants contend that the use of the word "kinds" in § 8(1)(b) does not indicate a limitation on the NRC's power. Arguably, the NRC could determine that both sexes and all ages of a species of animal could be taken. However, we agree with plaintiff that if the Legislature had intended that the NRC would have the power to determine what species of animals could be taken, it would not have included § 11, and it would have used the word "species" in the definition of "kind."

Therefore, we agree with the trial court that because the raptors have not been designated as game, the NRC does not have the power to issue an order allowing the raptors to be taken. This being the only issue raised on appeal, we affirm the order of the trial court.

Affirmed.

---

have been no reason for the Legislature to include the second sentence. Further, it is not reasonable to conclude that the Legislature intended to give the NRC the power to determine that a nongame species could be taken, but not give it the power to regulate the dates during which the takings could occur.

[8] MCL 300.261; MSA 13.1261.